Submitted April 5, 2013, affirmed March 19, petition for review denied August 7, 2014 (355 Or 879)

RIDGE WAYNE FLEMING,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A152243

323 P3d 543

Ridge Wayne Fleming filed the briefs *pro se.*

Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (board) setting his projected parole release date for April 2016. Of the eight assignments of error raised by petitioner on review, we reject the first, fourth, and eighth without discussion. Furthermore, because, on administrative review before the board, petitioner failed to raise the issues he seeks to have us address in his remaining assignments of error, those issues are not cognizable on judicial review. Accordingly, we affirm the board's order.

The background facts are procedural and undisputed. In 1985, petitioner murdered a man during a robbery, and, in 1986, petitioner was convicted of aggravated murder and sentenced to life in prison with a 30-year minimum term. In 2006, the board held a hearing to determine whether petitioner was likely to be rehabilitated within a reasonable time, concluded that he was, and "set a release date * * * at the conclusion of his 30-year mandatory minimum sentence" in April 2016. *Janowski/Fleming v. Board of Parole*, 349 Or 432, 438, 245 P3d 1270 (2010). On review, the Supreme Court held that the 30-year minimum sentence was overridden by the board's finding that petitioner was likely to be rehabilitated within a reasonable time. *Id.* at 458. Accordingly, it directed the board to "conduct a hearing, using whatever procedures it deems appropriate, to set [petitioner's] release date according to the matrix in effect when he committed his crime." *Id.* at 456.

A hearing to determine petitioner's prison release date was scheduled for July 2011. Prior to the hearing, petitioner was provided with materials that the board would consider during the hearing. Among other things, the documents included an "official version" of the crimes of conviction as well as a list of aggravating and mitigating factors with respect to those crimes. Among the aggravating factors listed were factors "I" ("[v]erified instances of repetitive assaultive conduct"), "K" ("[p]ersistent involvement in similar criminal offenses"), "L" ("[r]epetition of behavior pattern which contributes to criminal conduct * * * e.g., return

to drug abuse"), and "O" ("[n]ew criminal activity while on escape"). In a prehearing response, petitioner challenged the use of aggravating factors L and O. With respect to factor O, petitioner noted that an aggravating circumstance that constituted a "defining element of the crime" for which he was convicted or "resulted in a lower history/risk score" could not be used to justify variation in his prison term. He contended that aggravating factor O could not be considered in his case because he was convicted of aggravated murder "based on the theory that the murder was committed while [he] was on escape status," and, therefore, "[b]y definition, aggravating factor 'O' constitutes a defining element of the crime" of conviction.

At the hearing, petitioner's position regarding aggravating factor O was discussed. However, the board used factor O, along with aggravating factors I, K, and L, to set petitioner's prison release date. It set petitioner's prison term at the top of the matrix range and then added 72 months based on the aggravating factors, for a scheduled "parole release date of 04/30/2016, following 360 months."

We begin by addressing petitioner's sixth and seventh assignments of error on judicial review, in which he asserts that the board erred in using factor O as a justification for increasing his prison term. He contends that his escape status had given him a lower "history risk score" and was a "defining element of [his] crime" and, under OAR 255-35-035(1)(b) (1985), aggravating or mitigating circumstances that "constitute a defining element of the crime or subcategory of the crime being rated, or which resulted in a lower history/risk score, shall not justify variation from the guidelines." In response, the board asserts that petitioner's argument is not cognizable on judicial review because petitioner failed to raise it on administrative review. *See Ayres v. Board of Parole*, 194 Or App 429, 435-36, 97 P3d 1 (2004) (a "party must present the particular challenges it intends to raise on judicial review first to the administrative body whose review must be exhausted"); *see* ORS 144.335(1)(b) (a "person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction may seek judicial review of a final order of the board as provided in this

section if *** [t]he person has exhausted administrative review as provided by board rule"). The board points out that petitioner's administrative review request "contained no mention of factor 'O,' 'escape,' aggravating factors, or history/risk score at all." We agree with the board.

As set forth above, before the hearing in this case, petitioner raised the legal issue of whether the board could properly use aggravating factor O to increase his prison term. Notwithstanding petitioner's contention, the board proceeded to apply aggravating factor O; it announced the use of that factor at the hearing and the written board action form issued after the hearing also reflected that the board "found aggravation under" factor O, which was "new criminal activity while on escape status." (Capitalization omitted.) In his administrative review request, however, petitioner did not contend that the board's use of aggravating factor O was impermissible. Instead, on administrative review, he raised a number of other challenges but did not mention the board's use of escape or aggravating factor O in determining his prison release date. *See* OAR 255-080-0008(1)(d) (on administrative review, an offender must specifically identify how the challenged board action is alleged to be in violation of statutes or board rules or in what other way the offender believes the board's action to be in error). Because, on administrative review before the board, petitioner failed to raise the issue identified in assignments of error six and seven, that issue is not cognizable on judicial review.

Similarly, in his second, third, and fifth assignments of error, petitioner challenges the board's use of aggravating factors I, K, and L, to increase his prison term. As with his sixth and seventh assignments, he contends that the use of those aggravating factors was impermissible in light of OAR 255-35-035(1)(b) (1985) because, with each, the board used the same factor to calculate his history/risk score and as an aggravating factor. However, as with his sixth and seventh assignments, petitioner failed to raise those contentions on administrative review, as required, and, for that reason, they are not cognizable on judicial review. Accordingly, having already rejected petitioner's remaining assignments of

error without discussion, we affirm the board's order setting petitioner's prison release date for April 2016.

Affirmed.